IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JUAN RAMON COELLO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 4:12-CV-1104-VEH |
| ) | |
| LA CABANA MEXICAN ) | |
| RESTAURANT, ANDRES LUNA, in ) | |
| his individual capacity, and d/b/a La ) | |
| Cabana Mexican Restaurant, and ) | |
| JOSE C. LUNA, in his individual ) | |
| capacity, and d/b/a Cabana Mexican ) | |
| Restaurant, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on a Motion To Set Aside Judgment by Defendants (Doc. 19). Plaintiff responded to this motion on September 19, 2012. (Doc. 21). This matter is ripe for review. For the reasons stated herein, the motion is due to be **DENIED**.

**I.    Factual Background and Procedural History**

Plaintiff Juan-Ramón Coello commenced this lawsuit on April 12, 2012,[1] bringing claims against his former employer under the Fair Labor Standards Act of

---

[1]Although filed on April 12, 2012, the Clerk of Court entered the complaint on April 13, 2012.

1938 ("FLSA"), 29 U.S.C. § 201 *et seq*, and under § 25-5-11.1 of the Code of Alabama 1975.  (Doc. 1).

According to the filed return, service was perfected on Defendant La Cabaña Mexican Restaurant on June 12, 2012.  (Doc. 6).  Service was similarly perfected on Defendants Andrés Luna and José C. Luna on that same day.  *Id.*  As the summons indicated, Defendants were due to file their answer by July 3, 2012.  *Id.*  On July 30, 2012, Plaintiff filed a motion for entry of default.  (Doc. 7).  On July 31, 2012, the clerk entered a default against Defendants due to their failure to respond to Plaintiff's complaint despite the foregoing proof of perfection of service.  (Doc. 8).  Defendants acknowledged service of the clerk's default entry on August 2.  (Doc. 9).  On August 7, 2012, Plaintiff filed a motion for default judgment due to Defendants' failure to appear.  (Doc. 10).  On August 17, 2012, the court filed an order granting Plaintiff's motion, awarding damages to Plaintiff under Federal Rule of Civil Procedure 55(b) as to Plaintiff's FLSA claim and dismissing the case.  (Doc. 11).[2]  Defendants acknowledged service of this order on August 21, 2012.  (Doc. 12).

Defendants filed the instant motion on September 16, 2012. (Doc. 19).  In this document, they move to set aside the default judgment order issued on August 17, 2012, under Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure.  *Id.*  Their

---

[2]The Order did not reference Plaintiff's state law claim.

grounds for doing so are, *inter alia*, that: (1) they have a meritorious defense; (2) Plaintiff will not be unfairly prejudiced if the default judgment is set aside; and (3) the default judgment was not a result of Defendants' own culpable conduct. *Id.* Plaintiff, pursuant to an order issued by the court (Doc. 20), responded on September 19, 2012. (Doc. 21). In its response, Plaintiff opposes the motion. *Id.* He asserts, *inter alia*, that (1) Defendants have failed to show the "good reason" required by Rule 60(b) for their failure to respond to Plaintiff's complaint; (2) they have no meritorious defense against the claims made against them; and (3) they are collaterally estopped from raising certain issues that they attempted to bring to the court's attention in the motion. *Id.*

## II.     Legal Standard

"The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." FED. R. CIV. P. 55(c). Under Rule 60(b), a court may provide relief from a final judgment on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered earlier with reasonable diligence; (3) fraud, misrepresentation, or other misconduct of an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released, discharged, reversed, or vacated; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P.

60(b).

The standard that courts apply in setting aside a default judgment under Rule 60(b)(1) is more rigorous than the "good cause" standard courts use in setting aside a mere entry of default. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990) (citations omitted). To establish "mistake, inadvertence, surprise, or excusable neglect" under Rule 60 (b)(1), a defendant must show (1) a meritorious defense that might have affected the outcome of the case; (2) lack of prejudice to the non-defaulting party if the judgment were vacated; and (3) a good reason for failing to reply to the complaint. *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (citing *Fla. Physician's Ins. Co., Inc., v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)).[3]

---

[3]The Supreme Court, in analyzing the concept of "excusable neglect" in the context of the Federal Rules of Bankruptcy Procedure, emphasized that the judicial determination must be "at bottom an equitable one, taking account of all relevant circumstances" surrounding the moving party's failure to meet the imposed deadline. *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). It enumerated the following "relevant circumstances": the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay – including whether it was within the reasonable control of the movant – and whether the movant acted in good faith. *Id.* Nevertheless, the tripartite framework listed above is still the prevailing approach used to analyze Rule 60(b)(1) motions within the Eleventh Circuit. *See Worldwide Web Sys.*, 328 F.3d at 1297 ("*Pioneer* . . . do[es] not alter the fact that a determination of excusable neglect . . . necessarily involves consideration of all three elements - a meritorious defense, preduice, and a good reason for not responding to the complaint . . ."); *accord S.E.C. v. Simmons*, 241 F. App'x 660, 663 (11th Cir. 2007) (unpublished); *but cf. United States v. Weiss*, No. 696-cr-99-Orl-19KRS, 2010 WL 750348, at *4 (M.D. Fla. Mar. 4, 2010) (stating in *dicta* that any case not applying the "flexible, multi-factored, totality-of-the-circumstances standard" enunciated in *Pioneer* is no longer controlling precedent) *and In re Atl. Int'l Mortgage Holding Inc.*, 345 B.R. 392, 395 (M.D. Fla. 2005) (stating that *Pioneer* removes any requirement that a party seeking relief from a default

With this standard in mind, the Eleventh Circuit has nevertheless made it clear that "there is a strong policy of determining cases on their merits and [it] therefore view[s] defaults with disfavor." *Id.* (citations omitted). The entry of judgment by default "is a drastic remedy and should be resorted to only in extreme situations. It is only appropriate where there has been a clear record of delay or contumacious conduct." *E.F. Hutton & Co., Inc., v. Moffatt*, 460 F.2d 284, 285 (5th Cir.1972) (citations omitted). An order denying relief under Rule 60(b) will be reviewed on appeal for abuse of discretion. *United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012) (citation omitted).

## III. Discussion

### A. Defendants lack a meritorious defense.

In order to prove excusable neglect under Rule 60(b)(1), a party must first show that it had a meritorious defense that might have affected the outcome of the case. *Ehlers*, 8 F.3d at 783 (citing *Mike Smith Pontiac GMC*, 896 F.2d at 528). Defendants state that they can demonstrate "several plausible defenses" to Plaintiff's claims. (Doc. 19, ¶ 12).[4] However, they do not elaborate on this

---

judgment under Federal Rule of Bankruptcy Procedure 7008(b) must describe a meritorious defense).

[4]Here, as throughout their motion, Defendants cite Alabama state law to support their arguments. Although the court does not use this fact to deny Defendants' motion, their total failure to reference controlling federal law was problematic in evaluating their contentions.

assertion in any depth in their motion; it is merely a conclosury allegation. It thus might serve as a general denial of Plaintiff's claims, but a moving party cannot satisfy the burden of showing a meritorious defense simply by asserting a general denial. *Solaroll Shade and Shutter Corp., Inc., v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986); *In re Tires and Terms of Columbus, Inc.*, 262 B.R. 885, 889 (Bankr. M.D. Ga. 2000) ("General denials and conclusive statements are insufficient; the movant must present a factual basis for his claim."). Rather, a defaulting party in Defendants' position "must make an affirmative showing of a defense that is likely to be successful." *Solaroll*, 803 F.2d at 1133 (citing *United States v. One 1978 Piper Navajo PA-31, Aircraft*, 748 F.2d 316, 319 (5th Cir. 1984)).

Defendants here offer no specifics that could qualify as such an affirmative showing. In the absence of any such specifics, the court will not speculate on the defenses that Defendants could have raised – or that could be inferred from the assertions in their motion – in an effort to discover any that might have affected the outcome of this case. *Cf. Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.") (citation omitted). As such, the court finds that Defendants

have not met their burden to show that they have a meritorious defense to Plaintiff's claims which might have affected the outcome of this case.

**B.  Defendants fail to show Plaintiff will not be prejudiced by vacating the default judgment.**

A defaulting party that has described a meritorious defense under Rule 60(b)(1) must then show that granting the motion in its favor would not result in prejudice to the non-defaulting party.  *See Worldwide Web Sys.*, 328 F.3d at 1297 (examining the "prejudice prong" of a Rule 60(b)(1) motion).  Defendants argue that setting aside the judgment here would not cause any "unfair prejudice" to Plaintiff.  (Doc. 19, ¶ 13).  While Plaintiff would certainly experience delay in recovering his judgment, Defendants contend that this delay would not be "prejudicial." *Id*.

The Eleventh Circuit has not articulated a concrete definition of "prejudice" as it pertains to Rule 60(b)(1) motions.  Certainly, the claimed prejudice must consist of more than just those incidents that arise anytime a court vacates a judgment.  *See Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir.1984) (finding that movant suffered no unfair prejudice under Rule 60(b) where he merely alleged the prospect of protracted proceedings, time and expense of trial, and loss of judgment interest).  On the other extreme, prejudice clearly arises when the delay produced by vacating the default judgment will result in loss of evidence, increased

difficulties in discovery, or greater opportunities for fraud or collusion. *See GuideOne Mut. Ins. Co. v. Iglesia Bautista Resurreccion*, No. 11-20497-CIV, 2011 WL 3584212, at *3 (S.D. Fla. Aug. 12, 2011) (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Defendants suggest that these consequences are the *only* ones the court should consider in evaluating whether Plaintiff will be prejudiced by granting this motion (Doc. 19, ¶ 13); however, there is no controlling authority for this proposition. Indeed, some courts in this circuit have found that prejudice results whenever there is no factual basis for a meritorious defense. *See, e.g., Tires and Terms of Columbus*, 262 B.R. at 889 (holding that, where defendant had not presented a meritorious defense, the threat of prejudice to plaintiff was enhanced). The rationale in such cases is that "the delay in vindicating the plaintiff's rights and the expense in prosecuting a case where the defendant has defaulted and has no meritorious defense amount to undue prejudice to the plaintiff." *Davis v. Oldham*, No. 6:07-cv-941-Orl-31DAB, 2007 WL 4115292, at *6 (M.D. Fla. Nov. 16, 2007), *report and recommendation adopted by* 2008 WL 1743482 (M.D. Fla. Apr. 15, 2008).

The court need not determine whether the latter situation applies here; nor need it specifically define "prejudice" in order to decide this motion. Even under Defendants' limited definition of the term, Plaintiff would clearly suffer

"prejudice" of the kind relevant under Rule 60(b).  To wit, setting aside the default judgment in this case would expose Plaintiff to possible "fraud or collusion" by Defendants.  The record reflects that the court issued a Writ of Garnishment as to Defendants' assets on September 12, 2012, after the entry of default judgment. (Doc. 16).  Indeed, this action appears to have attracted Defendants' initial attention to this case, as they filed the present motion (their first) soon afterward. Granting Defendants' motion would provide them with more time and opportunity to abscond with the funds that they currently owe to Plaintiff because of the default judgment.  While the court does not comment on the probability of this contingency, the risk that it might occur is sufficient to conclude that Plaintiff would be unfairly prejudiced by vacation of the judgment.

### C. No good reason exists to excuse Defendants' failure to respond to Plaintiff's complaint.

Finally, a party seeking to set aside a default judgment under Rule 60(b)(1) must show that a good reason existed for its failing to reply to Plaintiff's complaint.  *See Worldwide Web Sys.*, 328 F.3d at 1297-98 (examining the "good reason prong" of a Rule 60(b)(1) motion).  Nowhere in their motion do Defendants even attempt to supply such a reason.  Instead, in speaking to the circumstances surrounding the filing of Plaintiff's complaint in this case, they largely focus on the alleged conduct of the Plaintiff in a concurrent civil action in Alabama state

court supposedly initiated before the instant one. (Doc. 19, ¶¶ 2-8). Moreover, they misstate the legal standard by which their actions should be judged here. (*Id.*, ¶ 14). The burden is not on Plaintiff to identify any "culpable" conduct by Defendants that led to the default judgment; instead Defendants must adequately explain their failure to reply to Plaintiff's complaint within the required time period. *See Ehlers*, 8 F.3d at 783-84 (establishing that defaulting party bears the burden of supplying good reason for failing to reply to the complaint). They have not done so in this motion.

Notably, Defendants do not challenge the judgement on the grounds of insufficiency of service under Rule 60(b)(4). *See Worldwide Web Sys.*, 328 F.3d at 1298-99 (holding that a party may challenge a default judgment as void under Rule 60(b)(4) on the trial level as a matter of personal jurisdiction but that the objection is waivable). Although they insinuate that they were uninformed of the filing of the instant action (*see* Doc. 19, ¶ 7), this possibility is belied by the record. As noted above, a summons was delivered to Defendants via certified mail on June 11, 2012, and service was perfected on them the next calendar day. (*See* Docs. 5 and 6). Furthermore, Defendants were represented by counsel in the allegedly identical state action prior to, and at all times after, Plaintiff filed his complaint with this court. With all these facts in mind, the court finds that

Defendants have not provided good reason for their failure to respond to Plaintiff's complaint.

### III.   Conclusion and Order

Based upon Defendants' arguments in the present motion, the court finds that they have failed to demonstrate that they are entitled to relief from the default judgment under Federal Rule of Civil Procedure 60(b)(1).  Accordingly, Defendants' motion is due to be and it is hereby **DENIED**.

**DONE** and **ORDERED** this 2nd day of January, 2013.