

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| **JUAN-RAMON COELLO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.: 4:12-CV-1104-VEH** |
| ) | |
| **LA CABANA MEXICAN** ) | |
| **RESTAURANT, ANDRES LUNA, in** ) | |
| **his individual capacity, and d/b/a La** ) | |
| **Cabana Mexican Restaurant, and** ) | |
| **JOSE C. LUNA, in his individual** ) | |
| **capacity, and d/b/a Cabana Mexican** ) | |
| **Restaurant,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

This case comes before the court on the defendants' Motion for New Trial or to Alter, Amend or Vacate Judgment; for Amended or Additional Findings; and to Set Aside Entry of Default and Default Judgment. (Doc. 47). For the foregoing reasons, the court finds that the motion is due to be **GRANTED in part** and **DENIED in part**.

### I.      FACTS AND PROCEDURAL HISTORY

The plaintiff, Juan-Ramón Coello, commenced this lawsuit on April 12, 2012, bringing federal claims against his former employer under the Fair Labor Standards

Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*., and a state court claim for wrongful termination in retaliation for seeking workers' compensation benefits. (Doc. 1).[1] Both claims were asserted against defendants La Cabaña Mexican Restaurant, Andrés Luna, and José C. Luna.

According to the filed return, service was perfected on La Cabaña Mexican Restaurant on June 12, 2012, by certified mail. (Doc. 6). Service was similarly perfected on Andrés Luna and José C. Luna on that same day. (Doc. 6). On July 31, 2012, the clerk entered a default against the defendants due to their failure to respond to the Complaint despite the foregoing proof of perfection of service. (Doc. 8).

On August 7, 2012, the plaintiff filed a Motion for Default Judgment. (Doc. 10). That motion requested "entry of a judgment in the amount of $37,303.52 as damages, $1,575.00 in attorney fees, and $640.00 in costs." (Doc. 10, p. 2). According to the Affidavit of Juan Ramón Coello, his FLSA straight-time damages totaled $1,116.00 before doubling for willfulness, and $2,232.00 after such doubling (Doc. 10-1, ¶¶ 10-11); his FLSA overtime damages totaled $633.00 before doubling for willfulness, and $1,267.20 after such doubling (Doc. 10-1, ¶¶ 12-13); and his back pay damages resulting from his worker's compensation retaliatory discharge claim

---

[1] Plaintiff's FLSA claims are set out in paragraphs 1, 10 - 13, and 17 - 26; his wrongful termination claim is set out in paragraphs 2, 14 - 16, and 27 - 31.

totaled $33,804.22  (Doc. 10-1, ¶¶ 14-16).

On August 17, 2012, the undersigned entered an Order (doc. 11) granting the motion.  The court reviewed the Complaint and found that the "[p]laintiff has averred sufficient facts that, due to their admission as a result of [d]efendants' failure to appear, judgment is due to be entered in favor of [p]laintiff <u>as to liability under the FLSA</u>."  (Doc. 11. p. 2) (emphasis supplied).  The court ordered as follows:

> Pursuant to Fed. R. Civ. P. 55(b), it is hereby **CONSIDERED**, **ORDERED**, and **ADJUDGED** that [p]laintiff, Juan-Ramón Coello, have and recover of [d]efendants, La Cabaña Mexican Restaurant, André S. Luna, and José C. Luna, jointly and severally, as follows:
>
> (1)   <u>$37,303.52 as damages under the FLSA</u>;
> (2)   $1,575.00 as reasonable attorney's fees; and
> (3)   $640.00 as reasonable costs.
>
> Therefore, [p]laintiff is hereby **AWARDED** a final default judgment in the total amount of $39,518.52.
>
> ***
>
> Finally, with no pending claims remaining, this case is hereby **DISMISSED.**

(Doc. 11, pp. 2-3) (bold in original) (underlying supplied) (footnotes omitted).

Despite the fact that the plaintiff's Motion for Default Judgment and supporting Affidavit (doc. 10) clearly set out all of the plaintiff's claims and allocated different damages to each of the plaintiff's FLSA claims separately and also separately as to

3

his worker's compensation retaliatory discharge claim, the undersigned erroneously stated that all of the plaintiff's claims were FLSA-based claims and all of the plaintiff's damages were FLSA-based damages.  As a result, although this court said that no pending claims remained, the worker's compensation retaliatory discharge claims indeed remained.  Thus, the judgment was not a final judgment.[2]

On September 16, 2012, the defendants filed a "Motion To Set Aside Default." (Doc. 19).  That motion was denied by Memorandum Opinion and Order dated January 3, 2013. (Doc. 25).  The defendants filed a "Renewed Motion To Set Aside Default" (doc. 26) on January 31, 2013.  While that motion was pending, the defendants filed, on February 4, 2013, a Notice of Appeal as to the court's August 17, 2012, Judgment and the court's January 3, 2013, Order.  The notice of appeal deprived the court of authority to reconsider either of those orders.  *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58, 103 S. Ct. 400, 402 (1982) (". . . [A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")

On May 20, 2013, the Eleventh Circuit Court of Appeals dismissed, for lack

---

[2] *See* Order of Dismissal, doc. 38.

of jurisdiction, the defendants' appeal of the Default Judgment that is the subject of the pending motion. (Doc. 38)("This appeal is DISMISSED for lack of jurisdiction. The district court's August 17, 2012 and January 3, 2013 orders are not finally appealable. *See* 28 U.S.C. § 1291; Fed.R.Civ.P. 54(b); *CSX Transp. Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000); *see also Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (providing that an order adjudicating fewer than all the claims in a suit is not immediately appealable unless the district court properly certifies the order as final under Fed.R.Civ.P. 54(b)).")

On September 30, 2013, the court denied the Renewed Motion to Set Aside default. (Doc. 44). That same day the court corrected its partial default order to read, in pertinent part:

> Pursuant to Fed. R. Civ. P. 55(b), it is hereby **CONSIDERED, ORDERED**, and **ADJUDGED** that [p]laintiff, Juan-Ramón Coello, have and recover of [d]efendants, La Cabaña Mexican Restaurant, André s Luna, and José C. Luna, jointly and severally, as follows:
>
> (1) $3,499.20 as damages under the FLSA;
>
> (2) $1,575.00 as reasonable attorney's fees; and
>
> (3) $640.00 as reasonable costs.
>
> Therefore, [p]laintiff is hereby **AWARDED** a partial default judgment in the total amount of $5,714.20.

(Doc. 45 at 3) (emphasis in original) (footnotes omitted). The court then issued a

separate and "final" default judgment order as to the state law retaliation claim writing, in pertinent part:

> Pursuant to Fed. R. Civ. P. 55(b), it is hereby **CONSIDERED**, **ORDERED**, and **ADJUDGED** that [p]laintiff, Juan-Ramón Coello, have and recover of [d]efendants, La Cabaña Mexican Restaurant, André s Luna, and José C. Luna, jointly and severally, $33,804.32 as back pay damages for worker's compensation retaliatory discharge.
>
> Finally, with no pending claims remaining, this case is hereby **DISMISSED**.

(Doc. 46 at 7) (emphasis in original).

## II.  ANALYSIS

The defendants appear to have no problem with document 45 (the order on the FLSA claim) since they agree that the court may enter a final judgment on the FLSA claims. (Doc. 47 at 10). As to document 46, however, the defendants argue, *inter alia*, that the wrongful termination claim does not fall within this court's original or supplemental subject matter jurisdiction. (Doc. 47 at 7).

The court's analysis of any Motion for Default Judgment always begins with an inquiry into whether it has jurisdiction over the parties and the subject matter of the lawsuit. *See Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994) (holding that district courts "always have an obligation to examine *sua sponte* their jurisdiction before reaching the merits of any claim"). The plaintiff's wrongful termination claim

is based on state law. Because the parties are not diverse, the claim is not within the original subject matter jurisdiction of this court. Indeed, the complaint does not allege jurisdiction over the state law claims, only the FLSA claim. (Doc. 1 at 2).

The court <u>does</u> have original, federal question jurisdiction over the FLSA claim. "In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To determine whether the wrongful termination claim is so related to the FLSA claim that it forms part of the same case or controversy, courts look to "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Scott v. A & Z Gen. Cleaning Servs., Inc.*, 6:11-CV-848-ORL-28, 2011 WL 3516075 at *2 (M.D. Fla. July 18, 2011) *report and recommendation adopted*, 6:11-CV-848-ORL-28, 2011 WL 3516145 (M.D. Fla. Aug. 11, 2011) (*citing Hudson v. Delta Air Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996)).

The plaintiff, as the party invoking the court's jurisdiction, bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Despite the defendants' raising this issue in document 47, and the court giving the plaintiff

ample time to respond, the plaintiff has not addressed this argument.[3] Thus, he has failed to show how the FLSA and wrongful termination claims arise from the same facts, or involve similar occurrences, witnesses, or evidence.

Further, a review of the complaint shows that the facts alleged are not similar and do not involve similar occurrences. The FLSA claim is based upon the alleged failure of the defendants to pay overtime. Such a claim focuses on "[d]efendants' status as an employer covered by the FLSA, [p]laintiffs status as an employee of [d]efendants, and the number of hours [p]laintiff worked each week." *Carvalho v. Door-Pack, Inc.*, 565 F. Supp. 2d 1340, 1341 (S.D. Fla. 2008). The wrongful termination claim is created by the Alabama Workers' Compensation Act. That claim will focus on whether the defendants were covered under the act, whether the plaintiff was hurt on the job, and whether he was fired for seeking benefits under the act. The two claims are not so related that they form part of the same case or controversy. Thus, the court does not have supplemental jurisdiction over the wrongful termination claim. Without jurisdiction over the wrongful termination claim, the court is powerless to enter a default judgment as to that claim.

---

[3] The plaintiff merely states that this court has the "right" and "duty" to exercise supplemental jurisdiction. (Doc. 50 at 7). He then merely paraphrases 28 U.S.C. § 1367(a). He never makes a showing how the two claims are so related that they form part of the same case or controversy.

## III. CONCLUSION

As the court lacks jurisdiction over the state law claim, the order granting judgment by default on that claim will be **VACATED**. Further, that claim will be **DISMISSED without prejudice**, and this case will remain closed.

**DONE** and **ORDERED** this 13th day of December, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge